UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

JOE V.WRIGHT, ) Case No.  3:10 CV2587
 )
   Plaintiff, ) <u>MEMORANDUM OPINION</u>
 ) <u>AND ORDER</u>
 )
 -vs- )
 )
OHIO CIVIL RIGHTS, <u>et</u> <u>al</u>., ) JUDGE JAMES G. CARR
 )
 )
   Defendants. )

<u>Pro</u> <u>se</u> plaintiff Joe V.  Wright brings this <u>in</u> <u>forma</u> <u>pauperis</u> action against the Ohio

Civil Rights [Commission], Attorney Thomas Sobecki, Raceway Park, Old Castle Glass, Inc. and

Attorney Guy Saglioccolo.  He alleges discrimination based on race, religion, retaliation and

attorney malpractice.

BACKGROUND

This is the second civil complaint Mr.  Wright has filed in this court against Raceway

Park, Thomas Sobecki, and the Ohio Civil Rights Commission.  In 2008, he filed a complaint in this

court alleging discrimination based on religion, as well as harassment.  See  Wright v.  Raceway, et al., No. 3:08cv2283 (N.D. Ohio filed Sept. 26, 2008)(Zouhary, J.)  The complaint was dismissed sua sponte as frivolous on December 30, 2008 pursuant to 28 U.S.C. §1915(e).[1]

Only the face page of the complaint contains any reference to the nature of Mr. Wright's allegations.  This is reflected in the single statements Mr. Wright has written under the name of each defendant.   In lieu of facts to support his allegations, there is a one page narrative in the complaint explaining that Mr. Wright is still unemployed, is planning to file a new charge against Old Castle and has a Right to Sue Letter that he received on October 18, 2010 for Old Castle. He seeks justice from this court.

The only complete Notice of Right to Sue attached to Mr. Wright's complaint is dated August 24, 2007, which predates the last complaint he filed in 2008.  The other attached Notice has been photocopied without including the signature block or date the Commissioner signed it.  There is also no indication against whom the charge was filed.  A complete review of the 73 pages attached to the complaint fails to support a federal claim for relief.

STANDARD OF REVIEW

Pro se pleadings are liberally construed. Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A district court is required to

---

[1]The dismissal of Mr. Wrights's initial complaint under § 1915(e)(2) was not a dismissal on the merits; consequently, it arguably lacks res judicata effect except as to frivolousness determinations for future in forma pauperis petitions. See Denton v. Hernandez, 504 U.S. 25, 34 (1992); Benson v. O'Brian, 179 F.3d 1014, 1016 (6th Cir.1999); see also Stephens v. Hayes,  No. 09-1259, 2010 WL 1461589 (6th Cir. Apr.13, 2010). Claim preclusion and collateral estoppel only arise where the prior decision was a final judgment on the merits. Schreiber v. Philips Display Components Co., 580 F.3d 355, 367 (6th Cir.2009); Mitchell v. Chapman, 343 F.3d 811, 819 (6th Cir.2003).

2

dismiss an action under 28 U.S.C. §1915(e), however, if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to section 1915(e).

FAILURE TO STATE A CLAIM

Principles requiring generous construction of pro se pleadings are not without limits. Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985).  District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments.  Id. at 1278.  To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  Id. at 1278.  Moreover, legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see Place v. Shepherd, 446 F.2d 1239 (6th Cir. 1971) (conclusory section 1983 claim dismissed).

DISCRIMINATION - FEDERAL CLAIMS

Even liberally construing Mr. Wright's complaint, the court cannot identify a valid federal claim.  It is well-settled that Title VII of the Civil Rights Act makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. §

3

2000e-2(a)(1). Nowhere in the complaint are the defendants provided "fair notice of the basis for petitioner's [discrimination] claim[ ]." <u>Swierkiewicz v. Sorema</u> N.A., 534 U.S.506 (2002).  Mr. Wright makes a conclusory statement that he was discriminated against because of his "race and religion." Legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences.  <u>Morgan</u>, 829 F.2d at 12; <u>see</u> <u>Place</u>, 446 F.2d at 1244 (A pleading will not be sufficient to state cause of action under Civil Rights Act if its allegations are but conclusions).  He does not identify any basis upon which to conclude the defendants discriminated against him based on any protected class within the statute.

The only remaining federal claim is an allegation of retaliation. Mr. Wright has not alleged he opposed "any practice made an unlawful employment practice by [Title VII], or... made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a).  Further, the complaint fails to create any causal connection between any alleged opposition to a Title VII violation and his discharge.  <u>See</u> <u>Martin v. Toledo Cardiology Consultants, Inc.</u>, 548 F.3d 405, 412 (6th Cir.2008).

Finally, Mr. Wright's remaining allegation of malpractice is not protected by federal law.  As his federal claims cannot survive, this court declines to exercise supplemental jurisdiction over any state law claims in this case. 28 U.S.C. § 1367(c)(1).[2]

CONCLUSION

Accordingly, plaintiff's Motion to Proceed <u>in</u> <u>forma</u> <u>pauperis</u> is granted.  This action is **dismissed** under section 1915(e).  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an

---

[2] Supplemental jurisdiction is governed by 28 U.S.C. § 1367, which includes an explicit provision permitting the district court to decline to exercise supplemental jurisdiction when that court has dismissed all of the claims over which it has original jurisdiction.

appeal from this decision could not be taken in good faith.

      IT IS SO ORDERED.

                                         S/ JAMES G.  CARR
                                         UNITED STATES DISTRICT JUDGE